

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYCHKOV VITALII,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.: 3:25-cv-3745-CAB-MSB<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[Doc. No. 1] |

Presently before the Court is Petitioner Rychkov Vitalii's petition for a writ of habeas corpus under 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] Petitioner, a citizen of Russia, states that he has been held in custody since he entered the United States on November 16, 2025. [Petition at 9.] On December 1, 2025, Petitioner alleges that he received a negative credible fear determination from an asylum officer, which was then reviewed and affirmed by an Immigration Judge on December 5, 2025. [*Id.*]

Although Respondents have not moved to dismiss this action, the Court "has an independent obligation to address *sua sponte* whether [it] ha[s] subject matter jurisdiction." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Federal courts are courts of limited jurisdiction. They

possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Petitioner alleges that the procedure leading to his order of removal was defective in that the Immigration Judge who affirmed the negative credible fear determination "incorrectly stated that [Petitioner] was speculating" about his political involvement. [*Id.* at 6.] As such, Petitioner asks that this Court review the determination reached by the asylum officer and affirmed by the Immigration Judge.

"In determining whether an alien has been ordered removed under section 1225(b)(1) of this title, the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." 8 U.S.C. § 1252(e)(5). Further, 8 U.S.C. § 1252(e)(2) limits a district court's review of any determination made under section 1225(b)(1) to "determinations of . . . whether the petitioner is an alien . . . was ordered removed under such section, and can prove by a preponderance of the evidence" certain facts not at issue here. Accordingly, the Supreme Court has explicitly held—on strikingly similar facts—that "courts may not review 'the determination' that an alien lacks a credible fear of persecution." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 112 (2020). Overwhelming Ninth Circuit precedent likewise confirms that the limitations in § 1252(e) bar judicial review of the merits of the determinations underlying an expedited removal order. *See Mendoza-Linares v. Garland*, 51 F.4th 1146, 1159 (9th Cir. 2022); *Smith v. U.S. Customs & Border Prot.*, 741 F.3d 1016, 1021 n.4, 1022 (9th Cir. 2014); *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1082 (9th Cir. 2011) ("[A] court's habeas jurisdiction does not extend to review of the claim that an alien was wrongfully deprived of the administrative review permitted under the statute and applicable regulations.").

The extent of this Court's habeas jurisdiction in reviewing an expedited removal under § 1252(e)(2)(B) "is limited to determining 'whether an immigration officer issued that piece of paper and whether the Petitioner is the same person referred to in that order.'"

*Mendoza-Linares*, 51 F.4th at 1159 (quoting *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 431 (3rd Cir. 2016)).  Here, there is no question that an immigration officer found that Petitioner lacked a credible fear of persecution, [Doc. No. 1-2 at 1], an Immigration Judge reviewed and affirmed that determination, [*id.* at 1–2], and Petitioner was ordered removed, [*id.* at 2].  Petitioner "disagree[s] with the immigration court's decision[,] . . . ask[s] that . . . a retrial be conducted, [and] that all facts of [his] persecution in Russia be taken into account." [Petition at 10.]  All of these requests go to the merits of Petitioner's credible fear determination rather than "whether [Petitioner] has been ordered removed under section 1225(b)(1)." 8 U.S.C. § 1252(e)(5).  As the Supreme Court explained in *Thuraissigiam*, Petitioner "can appeal the removal order to the Board of Immigration Appeals and, if that appeal is unsuccessful, the alien is generally entitled to review in a federal court of appeals[,]" here the Ninth Circuit. 591 U.S. at 108.

For the foregoing reasons, the Court concludes that we lack jurisdiction to review Petitioner's claims and so **DISMISS** the Petition.  The Clerk of Court shall close the case.

It is **SO ORDERED**.

Dated: January 8, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge